IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13-CR-28-031-JED |
| v. | ) | |
| | ) | USM Number: 13370-062 |
| MICHAEL DWAYNE SEALS, | ) | |
| a/k/a "Mike Seals" | ) | |
| a/k/a "Big Mike" | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion to set aside judgement of imprisonment, supervised release and assessment and to consider downward departure in sentencing guideline range (Doc. 2247). Defendant moves this Court to consider relief and set aside judgment and modify his sentence to a term of twelve months imprisonment due to his mental health condition and previously undisclosed addiction to PCP.

On November 10, 2016, defendant was sentenced after pleading guilty to a single-count information charging Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court sentenced defendant to 77 months in the custody of the Bureau of Prisons after granting a downward departure from the advisory guideline imprisonment range of 92 to 115 months.

The Court does not have the authority to reconsider and reduce defendant's sentence. A district court's authority to reconsider sentencing may stem only from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997); *see United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997) (holding

that unless the basis for resentencing falls within one of the specific categories authorized by statute, the district court lacks jurisdiction to consider defendant's request); *United States v. Blackwell*, 81 F.3d 945, 947, 949 (10th Cir. 1996) (holding that a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted to court jurisdiction to do so; therefore, a district court does not have inherent power to resentence defendants at any time); *See* 18 U.S.C. § 3582(b). *See also* Fed. R. Crim. P. 35(a) - Correcting a Sentence. Accordingly, the defendant's motion to set aside judgment and reconsider sentence must be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's motion to set aside judgment and reconsider sentence is **dismissed for lack of jurisdiction**.

**SO ORDERED** this 27th day of September, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE